**John L. JACKSON, Plaintiff,**

v.

**Delbert JACKSON et al., Defendants.**

**Civ. A. No. 80–567.**

United States District Court, District of Columbia.

June 5, 1980.

Roger E. Zuckerman, and Mark W. Foster, Washington, D. C., for plaintiff.

Andrea Harnett, Asst. U. S. Atty., Sp. Proceedings Division, Washington, D. C., for defendants.

## MEMORANDUM OPINION

FLANNERY, District Judge.

This is a petition for habeas corpus, the plaintiff alleging that his murder conviction was constitutionally flawed and that his remedy before the District of Columbia courts under D.C.Code § 23–110(g) is inadequate and ineffective. For the reasons below this petition is denied without prejudice.

*Discussion*

Petitioner John L. Jackson presently resides at the Lorton Reformatory in Lorton, Virginia, where he is serving a life sentence for the crimes of first-degree murder and unlawful possession of a pistol. He was convicted by a jury in 1972, and the District of Columbia Court of Appeals affirmed his conviction in 1974.

Jackson's substantive claim on appeal and in the succeeding litigation up to the present is that his fifth amendment rights were violated by the trial judge's refusal to grant severance of his trial from that of his codefendant. In particular, the government's sole witness on the issue of premeditation was the petitioner's estranged girlfriend, who said she had heard the petitioner and his codefendant plotting the murder of the deceased. It appears that the codefendant was prepared to refute this testimony if severance of the trials were granted, the rationale being that he was unwilling to offer the exculpatory—and presumably self-incriminating—testimony in his own trial but he was willing to do so in a separate trial of the petitioner.

After Jackson lost on appeal and failed to obtain certiorari from the Supreme Court,

he sought habeas corpus in this court pursuant to 28 U.S.C. § 2254. On March 22, 1977, while this court was deliberating on the habeas corpus petition, the Supreme Court issued its ruling in *Swain v. Pressley*, 430 U.S. 372, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977), holding that section 23–110(g)[1] divests federal courts of jurisdiction over habeas corpus applications emanating from the District of Columbia courts except where it "appears that the [equivalent] remedy by motion [in the District of Columbia courts] is *inadequate or ineffective* to test the legality of [the petitioner's] detention." (Emphasis supplied.) This court then ruled on June 15, 1977 that the petitioner had failed to demonstrate that the remedy available under section 23–110 was inadequate or ineffective, and therefore his application should be denied. On June 2, 1978, the United States Court of Appeals for the District of Columbia Circuit affirmed this holding.

Thereafter the petitioner took steps to avail himself of section 23–110. On September 6, 1979, he submitted a motion in the Superior Court for the District of Columbia for a new trial. The matter was assigned to Judge Tim Murphy, the original trial judge, and from that time on the petitioner received no response whatsoever regarding his motion. On January 7, 1980, he sought leave to withdraw his motion, which was granted virtually immediately, and on March 5, 1980, he brought the present suit.

The petitioner's contention is that this four month period of inactivity on the part of the Superior Court and the government did, in and of itself, render the remedy available under section 23–110 inadequate and ineffective. In support of his decision not to file for a writ of mandamus[2] he argues that such a period of utter inactivity is enough, that one need not exhaust all

---

1. D.C.Code § 23–110(g) provides,

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to

make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

2. He did make informal inquiries at Judge Murphy's chambers by telephone.

possible options or travel all possible routes in search of justice, regardless of the additional delay such efforts would entail.

The government replies that although the petitioner himself received no response from the court or the government, this period was not one of utter inactivity. It argues that in fact the case had been assigned to a member of its staff and that this person was in the process of preparing a response at the time the motion was withdrawn. By way of explanation for the delay it says that Judge Murphy did not receive the file jacket containing the motion until October 23, 1979 and that the court did not request a response from the government until November 26, 1979.[3]

To say the least, such inactivity on the part of the Superior Court and the government operates to the detriment of the petitioner and of society's interest in justice. Habeas corpus is by definition a "swift and imperative remedy," *Braden v. 30th Judicial Circuit*, 410 U.S. 484, 490, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973), and it is doubtless true that at some point judicial or governmental inactivity so far undermines the available remedy as to render that remedy inconsistent with habeas corpus relief. Here, although four months of near-inactivity certainly gives pause and warrants closely reviewing the situation, this court is not persuaded that such delay, without more, necessarily renders the remedy inadequate or ineffective within the meaning of section 23–110(g). The court wishes to emphasize that it is not ruling that exhaustion in the form of a mandamus application is necessarily required before a remedy can be deemed inadequate or insufficient. Rather, it is holding that in the circumstances presented here, where there is no allegation that the official inactivity reflects malice toward the petitioner, where the petitioner apparently made no efforts beyond one or two telephone calls to press his case, and where the petitioner's application was withdrawn after four months, habeas corpus relief is not available in the federal courts.

**3.** It appears, inexplicably, that as a matter of policy the government usually does not reply to such motions until requested to do so by the court involved.