Paul H. NEAL, Appellant,

v.

DIRECTOR, DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS.

No. 81–2364.

United States Court of Appeals, District of Columbia Circuit.

July 13, 1982.

Opinion on Denial of Rehearing Nov. 9, 1982.
See 672 F.2d 783.

---

Before TAMM, GINSBURG and BORK, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

## I. INTRODUCTION

Appellant, a prisoner currently confined in the federal penitentiary at Marion, Illinois, filed *pro se* a petition for writ of habeas corpus in the district court on November 19, 1981, naming the Director of the District of Columbia Department of Corrections as respondent. Appellant alleged that he had been convicted of violating D.C.Code § 22–2901, that he had been confined initially at Lorton Reformatory to begin serving his sentence, and that in April of 1977 he "was without prior notice transferred to federal prison without being given the hearing he is entitled to."

Appellant claimed that he was "entitled" to a hearing by District of Columbia Department of Corrections Order No. 4810.1 (April 30, 1976), which in April of 1977[1] provided:

Upon receipt of notification that a DCDC [District of Columbia Department of Corrections] resident is to be transferred to a FBP [Federal Bureau of Prisons] institution or facility it shall be the responsibility of the institution (facility) Administrator to ensure that the resident

1. Order No. 4810.1 was amended in 1980 and 1981.

2. Section 23–110 provides, in pertinent part:

is afforded a hearing before a committee consisting of at least three institutional (facility) staff members and advised of the reason(s) for the transfer. During the hearing, the resident shall be afforded an opportunity to indicate any objections, and the rational [sic] for the same, regarding the transfer. . . .

See *Smith v. Carlson*, 447 F.Supp. 422, 426 (M.D.Pa.1978).

The district court did not reach the merits of appellant's claim that the procedures used to effect his transfer were illegal, but instead dismissed the petition, stating that the dismissal was without prejudice to appellant's filing in the Superior Court of the District of Columbia. In its order denying appellant leave to proceed on appeal in forma pauperis, the district court cited *Swain v. Pressley*, 430 U.S. 372, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977), in which the Supreme Court interpreted D.C.Code § 23–110 as vesting exclusive jurisdiction in the District of Columbia courts over certain claims by prisoners convicted in the Superior Court.

We grant appellant leave to proceed on appeal in forma pauperis, and hold that the district court erred in dismissing appellant's claim on the basis of *Swain v. Pressley, supra*; D.C.Code § 23–110 does not exclude federal court jurisdiction over claims alleging the illegality of procedures used in transferring prisoners under sentence of the Superior Court. Because we further find that appellant's statement of a claim for relief is sufficient to withstand threshold dismissal in the district court, we vacate the order appealed from and remand.

## II. INAPPLICABILITY OF *Swain v. Pressley* AND D.C.CODE § 23–110 TO APPELLANT'S CLAIMS

The district court apparently concluded that *Swain v. Pressley, supra*, excludes federal lower court authority to entertain a claim of the kind Neal presents. *Swain v. Pressley* interpreted D.C.Code § 23–110[2] to

(a) A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the

require prisoners subject to that statute to file suit in the Superior Court. Section 23–110, however, by its terms applies only to prisoners "claiming the right to be released" on the ground that "the sentence" is subject to legal attack. Appellant did not attack his sentence. Rather, he alleged the illegality of the procedures applied to effect his transfer from Lorton to a federal penitentiary. Section 23–110(g)'s command that certain prisoner claims be brought exclusively in the District of Columbia courts is inapplicable in this case because appellant, who presents no challenge to his sentence,[3] was not a "prisoner who is authorized to apply for relief by motion pursuant to" section 23–110(g). Hence, *Swain v. Pressley* is not in point, and dismissal of appellant's claims on the basis of *Swain* was error.

### III. DIRECTIONS ON REMAND

In his petition, Neal sought habeas corpus relief[4] in the form of a transfer from the federal correctional facility at Marion, Illinois, to the District of Columbia Department of Corrections. Construing his petition liberally, we assume that Neal challenges the authority of the Attorney General to incarcerate him at Marion without

first having provided him with the hearing envisioned by Order No. 4810.1. The failure of the District correctional officials to provide Neal with the hearing envisioned by that order, or with any hearing at all, does not, even if proven, necessarily entitle Neal to relief. The Supreme Court has held that "the Due Process Clause [does not] in and of itself protect a duly convicted prisoner against transfer from one institution to another," *Meachum v. Fano,* 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976), and that "[t]he Clause does not require hearings in connection with transfers whether or not they are the result of the inmate's misbehavior or may be labelled as disciplinary or punitive." *Montanye v. Haymes,* 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976). Nevertheless, the due process clause may protect a prisoner's liberty interest in remaining in a particular institution if and to the extent that such an interest is created by federal or District statutes or regulations. *Meachum v. Fano, supra,* 427 U.S. at 225–26, 96 S.Ct. at 2538–39. Order No. 4801.1[5] may create such a liberty interest or may simply establish an internal, administrative procedure for the transfer of inmates from the District's custody to another institution.[6] Oth-

---

District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

. . . .

(g) An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

3. We do not think the place of confinement, which is in the control of the Attorney General, is properly viewed as part of the sentence, which is in the control of the court. Moreover, our search of the legislative history has revealed no indication that Congress intended to encompass a case like this one in any of the categories of section 23–110(g).

4. At the outset, the district court should discover whether Neal, before petitioning for federal habeas relief, had exhausted the remedies available in District of Columbia courts. Where, as here, *Swain* does not bar federal court jurisdiction, we assume Congress would have intended that District prisoners bring their claims initially in District courts, just as state prisoners must exhaust state court remedies before coming to federal court. Cf. *Rose v. Lundy,* —— U.S. ——–——, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

5. A question may arise whether the District of Columbia Department of Corrections had or was delegated the authority to place conditions upon the authority of the Attorney General, under D.C.Code § 24–425, to designate "places of confinement."

6. *Compare Bills v. Henderson,* 631 F.2d 1287, 1298–99 (6th Cir. 1980) (held, in action pursued under 42 U.S.C. § 1983, that state prisoner transfer regulations do not create protected liberty interest); *Cofone v. Manson,* 594 F.2d 934, 938 (2d Cir. 1979) (same); *Lombardo v. Meac-*

er federal or District statutes or regulations may create or deny a prisoner an interest in remaining in a particular institution. *E.g.,* 18 U.S.C. § 4082(b); D.C.Code § 24–425. We express no opinion in this regard but simply note the relevance of these issues to a determination whether Neal's claim has merit.

If the district court concludes that Neal has presented at least an arguably meritorious constitutional claim, the court should further consider whether it can provide Neal with the relief he seeks or any other form of relief. *See* Fed.R.Civ.P. 54(c). Neal styled his *pro se* pleading as a petition for a writ of habeas corpus. The writ of habeas corpus has been used by federal courts in the past to remedy a federal prisoner's unlawful confinement in the wrong institution even though the federal government was entitled to confine the prisoner in some institution. *In re Bonner,* 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149 (1894); *In re Mills,* 135 U.S. 263, 10 S.Ct. 762, 34 L.Ed. 107 (1890); *cf. Humphrey v. Cady,* 405 U.S. 504, 92 S.Ct. 1048, 31 L.Ed.2d 394 (1972).[7] Whether the general grant of authority to the federal courts to issue a writ of habeas corpus embodied in 28 U.S.C. § 2241 permits a district court to grant Neal's request for relief is a matter for the district court to consider in the first instance. Should the district court conclude that § 2241 supplies this authority, the court should then consider whether Neal has named the appropriate respondents or defendants, whether venue is proper in this district, and any other questions that arise from Neal's habeas corpus petition.

Again, we express no opinion as to the proper resolution of these issues and only set them out for the district court's guidance on remand. Appointment of counsel to assist Neal in the further presentation of his claim is a matter initially left to the district court's discretion.

### IV. CONCLUSION

The judgment of the district court dismissing Neal's petition is vacated and the case is remanded for further proceedings not inconsistent with this opinion.

*It is so ordered.*

---

*hum,* 548 F.2d 13, 15–16 (1st Cir. 1977) (same), with *Wakinekona v. Olim,* 664 F.2d 708 (9th Cir.), *supplemented,* 664 F.2d 714 (1981) (held, in action pursued under 42 U.S.C. § 1983, that state prisoner transfer regulations create protected liberty interest), *cert. granted, Olim v. Wakinekona,* —— U.S. ——, 102 S.Ct. 2294, 73 L.Ed.2d 1299 (1982).

7. "Thus, whether the petitioner's challenge to his custody is that the statute under which he stands convicted is unconstitutional, ... that he has been imprisoned prior to trial on account of a defective indictment against him, ... *that he is unlawfully confined in the wrong institution,* ... that he was denied his constitu-

tional rights at trial, ... that his guilty plea was invalid, ... that he is being unlawfully detained by the Executive or the military, ... or that his parole was unlawfully revoked, causing him to be reincarcerated in prison, ... in each case his grievance is that he is being unlawfully subjected to physical restraint, and in each case habeas corpus has been accepted as the specific instrument to obtain release from such confinement." *Preiser v. Rodriguez,* 411 U.S. 475, 486, 93 S.Ct. 1827, 1834, 36 L.Ed.2d 439 (1973) (citations omitted and emphasis added). *See id.* at 488 n.8, 93 S.Ct. at 1835 n.8.