**Kevin J. MILES, a/k/a Kelvin J. Miles, Petitioner,**

v.

**James N. ROLLINS, Respondent.**

Civ. A. No. 89–2353.

United States District Court, District of Columbia.

March 2, 1990.

Thomas K. Clancy, Asst. Atty. Gen., Baltimore, Md.

Joan C. Barton, Asst. U.S. Atty., Washington, D.C.

## ORDER

REVERCOMB, District Judge.

This matter is before the Court pursuant to Petitioner's petition for writ of habeas corpus, the Respondent's motion to dismiss and the Intervenor United States' motion to dismiss.

In October, 1979, Petitioner was convicted by a jury in the Circuit Court of Prince George's County, Maryland, of kidnapping

and was sentenced on November 29, 1979, to 25 years incarceration. *See Exhibit No. 1 to Respondent's Answer to Petition for Writ of Habeas Corpus and Order to Show Cause* (hereafter *Respondent's Answer*). The Maryland Court of Appeals affirmed his conviction in an unreported opinion on July 7, 1980. *Id.* Petitioner then filed a petition for a writ of certiorari in the Maryland Court of Appeals, which was denied. *Id.*

Petitioner was convicted by a jury in the Superior Court of the District of Columbia on January 30, 1981, of burglary in violation of D.C.Code § 22–1801 and of assault with intent to commit rape in violation of D.C.Code § 22–501. On May 11, 1981, Petitioner was sentenced to a period of incarceration of ten to thirty years for burglary, consecutive to any other sentence being served, and a concurrent term of three to nine years for assault with intent to commit rape. While Petitioner's appeal was pending, he filed two motions to vacate sentence in Superior Court pursuant to D.C.Code § 23–110. The denial of those motions, and Petitioner's convictions, were upheld on appeal. *See Miles v. United States,* 483 A.2d 649 (D.C.App.1984).

In the instant matter, Petitioner contends that he was improperly transferred from the State of Maryland to the District of Columbia for arraignment, trial and sentencing in 1979 and 1980. He asserts that he was entitled to a pre-transfer hearing in Maryland pursuant to the Uniform Criminal Extradition Act, Md.Ann.Code art. 41,

§ 2–201 et seq., and that the District of Columbia's failure to bring him to trial before returning him to Maryland was a violation of the Interstate Agreement on Detainers ("IAD"), D.C.Code § 24–701. Accordingly, Petitioner contends that Maryland lost jurisdiction over him and that he is now being illegally incarcerated there and he further contends that since the District of Columbia returned him to Maryland before trying him that "all charges, indictments, complaints in the District of Columbia should be dismissed with prejudice."

Petitioner's petition for writ of habeas corpus is meritless and represents a grave abuse of the judicial process. Petitioner has had substantial opportunities to fully and fairly present his claims and yet he applies to this Court with yet another repetitive claim for relief.

Petitioner has filed at least four petitions for post-conviction relief in the Circuit Court for Prince George's County. *Exhibit 1 to Respondent's Answer.* At least two of the petitions alleged defects in procedure arising from the District of Columbia detainer and the court found no merit in the contentions. *Exhibits 2 and 3 to Respondent's Answer.*[1]

Furthermore, subsequent to Petitioner's appellate decision by the District of Columbia, Petitioner filed a third motion to vacate sentencing pursuant to D.C.Code § 23–110 in which he raised the claim now before this Court that there had been a violation of the IAD. On February 7, 1986, the

---

1. In Petitioner's third petition for post-conviction relief the court provided:

In the petition *sub judice,* defendant alleges that his due process of rights were violated, making the bald allegation that the State of Maryland had no jurisdiction to try him and he therefore should be released forthwith. Defendant asserts that the State of Maryland lost its jurisdiction of his charges, indictment, complaints to try him, because while in the custody of the State of Maryland, the District of Columbia lodged a detainer against him. This allegation is totally without merit and is therefore denied.

In Petitioner's fourth petition for post-conviction relief the court provided:

Petitioner alleges that his due process rights were violated and consequently Maryland lost jurisdiction over said petitioner following his

transfer to the District of Columbia. Specifically, petitioner alleges that his rights under the Interstate Agreement on Detainers (I.A.D.) codified at Md.Code Ann. Art. 27, Sections 616A–616R (1957, 1982 Repl.Vol., 1986 Cum.Supp.), and Maryland's Extradition Act, Codified at Md. Code Ann. Art. 41, Sections 2–201 *et seq.* (1957, 1982 Repl.Vol., 1986 Cum.Supp.) were violated.

The court has reviewed the record and finds no documentation to support petitioner's allegations. In fact, the record indicates that the mechanism used to transfer petitioner to the District of Columbia was not by way of (I.A.D.), but rather by Writ of Habeas Corpus Ad Prosequendum. [Citation omitted.] The procedural safe guards contained in the (I.A.D.) are not afforded a prisoner when his transfer is secured by a Writ of Habeas Corpus Ad Prosequendum. [Citations omitted.]

District of Columbia Superior Court denied Petitioner's claim because there was no indication in the record that he had ever invoked the protection of IAD. *Exhibit 1 to Intervenor's Opposition to Writ.*[2] After Petitioner had filed a Motion to Reopen Motion to Vacate Sentence and an amendment to that motion, the Superior Court denied those motions on the grounds that they were repetitive. Following the denial of these motions, Petitioner on April 2, 1986, filed a pro se motion to reconsider the order, which was followed by a supplemental motion to reconsider the order that was filed by court-appointed counsel on March 19, 1987, and a further pro se motion that was filed on May 22, 1987. The Superior Court denied these motions in a February 10, 1988 Memorandum Order that found that Petitioner had not been denied any rights under the IAD. *Exhibit 2 to Intervenor's Opposition to Writ.*[3] A notice of appeal from this Order was filed in the District of Columbia Court of Appeals on March 9, 1988. Petitioner filed a motion to stay the appeal, but the Court of Appeals denied the motion without prejudice. The denial of this motion to stay the appeal, which occurred on October 4, 1989, is the last action that has been taken on Petitioner's appeal. *Exhibit 3 to Intervenor's Opposition to Writ.*

Petitioner has filed at least seven petitions for a writ of habeas corpus in the United States District Court for the District of Maryland, all of which have alleged procedural defects in the purported detainer. *See* Civil Action Nos. S–87–2308, S–88–822, S–88–932, S–88–1211, S–88–1862, S–88–1863, S–89–1740; *see also Exhibits 4 and 5 to Respondent's Answer.* The Petitioner's petitions in these actions have challenged both the District of Columbia convictions and the Maryland convictions on the same alleged procedural defects which are before this Court in the instant case.

■ The instant petition must be dismissed. First, where Petitioner is still in the process of collaterally challenging his Superior Court convictions pursuant to D.C.Code § 23–110, this Court is precluded from entertaining a petition for writ of habeas corpus "unless it also appears that the remedy by [a § 23–110] motion is inadequate or ineffective to test the legality of his detention." Petitioner has made no showing that his § 23–110 remedy which is now in the appellate process is inadequate or ineffective and accordingly this Court must dismiss his petition to the extent that

2. The court provided:

[T]he defendant contends that when the prosecutor filed a detainer on the defendant in the State of Maryland the provisions of the Interstate Agreement on Detainers were invoked and therefore the Court lost jurisdiction of the case since certain procedures were not followed. It is not the filing of a detainer which triggers the safeguards of the Interstate Agreement, rather it is the defendant himself who must invoke the protection of the Agreement at the time the detainer is lodged against him. The record reflects no such invocation by the defendant. Therefore, the Agreement did not, and does not, apply to him.

3. The court provided:

In fact, no detainer was ever filed on Mr. Miles. The Court has been informed by the Records Department of the Prince Georges County Department of Corrections, where the defendant was incarcerated at the time of the proceedings in this case, that no detainer was filed on Mr. Miles. Similarly, the records of the Special Proceedings Office of the Superior Court of the District of Columbia and the U.S. Attorney's Office do not reflect that any detainer was ever lodged, showing instead that Mr. Miles was brought to the District of Columbia on writs of habeas corpus *ad prosequendum.* The defendant has offered no proof that a detainer was filed, relying instead on a bare allegation to that effect. Without some further proof, this Court finds that no detainer was ever filed on Mr. Miles.

The protection of the Interstate Agreement on Detainers are not triggered unless a detainer is actually lodged. As the Supreme Court held in *United States v. Mauro,* 436 U.S. 340, 361, 98 S.Ct. 1834, 1847, 56 L.Ed.2d 329 (1978) "a writ of habeas corpus *ad prosequendum* is not a detainer for the purposes of the Agreement." *See also Kleinbart v. United States,* 426 A.2d 343, 356–57 (D.C.App.1981) ("It is well settled that a writ of habeas corpus *ad prosequendum* is not a detainer within the meaning of the IAD."). * * * Because the defendant here was brought to the District of Columbia on writs, and because these writs are not detainers which bring the Interstate Agreement on Detainers into effect, Mr. Miles had no rights under that act and is entitled to no relief under its provisions. His claim on this basis is therefore denied.

it challenges his Superior Court convictions. *Swain v. Pressley*, 430 U.S. 372, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1972); *Turner v. Barry*, 856 F.2d 1539, 1541 n. 1 (D.C.Cir. 1988); *Garris v. Lindsay*, 794 F.2d 722 (D.C.Cir.), *cert. denied*, 479 U.S. 993, 107 S.Ct. 595, 93 L.Ed.2d 595 (1986).

 Moreover, this Court must also dismisses the petition in its entirety as repetitive of other federal habeas corpus petitions that Petitioner has filed. Federal Habeas Corpus Rule 9(b) permits a court to dismiss a successive petition if that petition fails to allege new or different grounds for relief and the prior determination was made on the merits. *See Andre v. Guste*, 850 F.2d 259 (5th Cir.1988); *Flittie v. Solem*, 867 F.2d 1053 (8th Cir.1988); *Tucker v. Gunn*, 541 F.2d 1368 (9th Cir.1976).

Accordingly, it hereby is

ORDERED that the Respondent's and Intervenor's motions to dismiss be, and the same hereby are, GRANTED; and it is further

ORDERED that Petitioner's petition for writ of habeas corpus be, and the same hereby is, DISMISSED WITH PREJUDICE.