**William O. PERKINS, Petitioner,**

v.

**John S. HENDERSON, Respondent.**

**Civ. A. No. 95–182(CRR).**

United States District Court, District of Columbia.

April 3, 1995.

William O. Perkins, pro se.

Richard S. Love, Asst. Corp. Counsel for the District of Columbia, Chief, Correctional Litigation Section, with whom Garland Pinkston, Jr., Acting Corp. Counsel for the Dis-

trict of Columbia, was on the brief, for respondent.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Before the Court in the above-entitled cause is the Respondent's Motion to Dismiss the Petitioner's Application for a Writ of Habeas Corpus for lack of jurisdiction and on its merits. Upon careful consideration of the parties' pleadings, the entire record herein, and the applicable law with respect thereto, the Court will GRANT the Respondent's Motion to Dismiss upon jurisdictional grounds.

### I. BACKGROUND

Petitioner, convicted in 1977 in the District of Columbia Superior Court of rape and two counts of burglary, challenges the lawfulness of his continued custody at the Lorton Correctional Complex. Plaintiff alleges that the District of Columbia Board of Parole denied him due process and equal protection of the laws in basing its decision to deny him parole on allegedly false information and by failing to order a reconsideration hearing under 28 D.C.M.R. § 104.11. Plaintiff further maintains that the application of 1987 revisions to the parole guidelines in the Board's decision violated the bar against ex post facto laws.

### II. DISCUSSION

■ The unique status of the District of Columbia precludes nearly all federal post-conviction review of District of Columbia Superior Court criminal convictions. It also prevents federal courts from entertaining habeas corpus petitions filed by prisoners in the custody of District of Columbia officials.

Since prisoners sentenced in the Superior Court and incarcerated in District of Colum-

bia facilities are not considered "state" offenders or prisoners in state custody, they may not seek federal habeas corpus relief under 28 U.S.C. § 2254. See Swain v. Pressley, 430 U.S. 372, 377, 97 S.Ct. 1224, 1227–28, 51 L.Ed.2d 411 (1977); Palmore v. United States, 411 U.S. 389, 395, 93 S.Ct. 1670, 1675, 36 L.Ed.2d 342 (1973); Garris v. Lindsay, 794 F.2d 722, 726 nn. 23, 24 (D.C.Cir.1986), cert. denied, 479 U.S. 993, 107 S.Ct. 595, 93 L.Ed.2d 595 (1986).

And because they are not "federal" offenders, prisoners sentenced in the Superior Court may not file motions to vacate, set aside, or correct their sentences under 28 U.S.C. § 2255. See Swain, 430 U.S. at 377, 97 S.Ct. at 1227–28; Gary v. United States, 499 A.2d 815, 857 (D.C.App.1985) (Mack, J., concurring & dissenting).

The federal habeas corpus and post-conviction review that is available to District of Columbia prisoners is, in turn, limited by D.C.Code §§ 16–1901 and 23–110, which were enacted as part of the District of Columbia Court Reform and Criminal Procedure Act of 1970.[1] The former precludes the Court from entertaining the instant petition.

A. *The two forms of postconviction relief available to prisoners sentenced in the Superior Court and in the custody of District of Columbia officials mirror those available to federal prisoners under 28 U.S.C. §§ 2255 and 2241.*

1. *D.C.Code § 23–110 and 28 U.S.C. § 2255.*

■ D.C.Code § 23–110 vests subject matter jurisdiction to entertain collateral attacks upon Superior Court sentences in that court.[2] Thus, prisoners serving sentences imposed by the Superior Court must file motions chal-

---

1. Pub.L. No. 91–358, 84 Stat. 473 (1970).

2. D.C.Code § 23–110 provides:
 (a) A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that
 (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia,
 (2) the court was without jurisdiction to impose the sentence,
 (3) the sentence was in excess of the maximum authorized by law,

 (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.
 (b) A motion for such relief may be made at any time.
 (c) Unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting authority, grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto. If the court finds that

lenging their sentences in that court; federal courts are generally without jurisdiction to entertain motions to vacate, set aside, or correct a sentence imposed by the District of Columbia Superior Court. *See Swain,* 430 U.S. at 377–78, 97 S.Ct. at 1227–28; *Saleh v. Braxton,* 788 F.Supp. 1232 (D.D.C.1992).

■ D.C.Code § 23–110 is the functional equivalent of 28 U.S.C. § 2255.[3] Section 2255, which authorizes the filing of a motion to vacate, set aside, or correct federal sentence in the court that sentenced the prisoner, is distinguishable from habeas corpus. Section 2255 is available only to attack the imposition of a sentence; an attack on the execution thereof may be accomplished only by way of habeas corpus.[4] Accordingly, a § 2255 motion "may not be invoked for matters occurring subsequent to the judgment."

(1) the judgment was rendered without jurisdiction,

(2) the sentence imposed was not authorized by law or is otherwise open to collateral attack,

(3) there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner, resentence him, grant a new trial, or correct the sentence, as may appear appropriate.

(d) A court may entertain and determine the motion without requiring the production of the prisoner at the hearing.

(e) The court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

(f) An appeal may be taken to the District of Columbia Court of Appeals from the order entered on the motion as from final judgment on application for a writ of habeas corpus.

(g) An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears the remedy by motion is inadequate or ineffective to test the legality of his detention.

*Id.* § 23–110 (1981).

3. *See United States v. Frady,* 456 U.S. 152, 160, 102 S.Ct. 1584, 1590, 71 L.Ed.2d 816 (1982):

In 1970 ... the District of Columbia Court Reform and Criminal Procedure Act (Court Reform Act), 84 Stat. 473, split the local District of Columbia and federal criminal jurisdictions, directing local criminal cases to a newly created local court system and retaining (with minor exceptions) only federal criminal cases in the existing Federal District Court and Court of Appeals. As part of this division of jurisdiction, the Court Reform Act substituted for § 2255 a new local statute for those convicted in the new local trial court. *See* D.C.Code § 23–110 (1981). The Act, however, did not alter the jurisdiction of the federal courts in the District to hear postconviction motions and appeals brought under § 2255, either by prisoners ... who were convicted of local offenses prior to the Act, or by prisoners convicted in federal court after the Act.

*Id.; Swain,* 430 U.S. at 378, 97 S.Ct. at 1228 ("Just as § 2255 was intended to substitute a different forum and a different procedure for collateral review of federal convictions, § 23–110(g) was plainly intended to achieve a parallel result with respect to convictions in the District of Columbia."); *Alston v. United States,* 590 A.2d 511, 514 n. 6 (D.C.App.1991) ("28 U.S.C. § 2255 ... is nearly identical and functionally equivalent to D.C.Code § 23–110.").

4. *See Hartwell v. United States,* 353 F.Supp. 354, 357–58 (D.D.C.1972):

It is well settled in this jurisdiction and elsewhere that § 2255 will lie only to attack the imposition of a sentence and that an attack on the execution thereof may be accomplished only by way of habeas corpus in the district of confinement. [A § 2255] motion may be maintained only if the judgment of conviction is itself subject to collateral attack. It may not be invoked for matters occurring subsequent to the judgment. If predicated on facts that existed prior to the imposition of sentence, a motion under section 2255 may encompass all the grounds that might be included in a habeas corpus petition. Unlike the Great Writ, however, § 2255 is not plenary in its application.... [I]t has been consistently held that § 2255 is not available to question the action vel non of the Board of Parole or the Bureau of Prisons regarding the manner in which the prison sentence has been or was being executed, and [§ 2255] may not be used to challenge the validity of incarceration without ·parole since this is a challenge to the execution rather than the imposition of the sentence, habeas corpus being the proper remedy. Neither does the claim of excessive disciplinary treatment at a federal institution ... present a ground for relief under § 2255. (citations omitted).

*Id.; see also* 28 U.S.C. § 2255, Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 1 Advisory Committee Notes ("The challenge of decisions such as the revocation of probation or parole are not appropriately dealt with under 28 U.S.C. § 2255, which is a continuation of the original criminal action. Other remedies, such as habeas corpus,

*Hartwell,* 353 F.Supp. at 357. But, "[i]f predicated on facts that existed prior to the imposition of sentence, a motion under section 2255 may encompass all the grounds that might be included in a habeas corpus petition." *Id.; see Stirone v. Markley,* 345 F.2d 473 (7th Cir.) (grounds for motion to vacate sentence under § 2255 encompass all grounds that might be set up in an application for habeas corpus predicated on facts that existed at or prior to time of imposition of sentence), *cert. denied,* 382 U.S. 829, 86 S.Ct. 67, 15 L.Ed.2d 73 (1965).

■ "In a case where the Section 2255 procedure is shown to be 'inadequate or ineffective', the Section provides that the habeas corpus remedy shall remain open to afford the necessary hearing." *United States v. Hayman,* 342 U.S. 205, 222, 72 S.Ct. 263, 274, 96 L.Ed. 232 (1952). Still, a decision on a § 2255 motion is ordinarily required before a federal court will entertain a habeas petition. *See* 28 U.S.C. § 2255 (1988) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.")

D.C.Code § 23–110 similarly provides that "[a]n application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 23–110] shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under [§ 23–110] or that the Superior Court has denied him relief, unless it also appears the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C.Code § 23–110(g) (1981); *see Alston,* 590 A.2d at 513 ("Under D.C.Code § 23–110, a prisoner may seek to vacate, set aside, or correct sentence.").

■ If unsuccessful on his or her motion in the Superior Court, the prisoner may take an appeal to the District of Columbia Court of Appeals. D.C.Code § 23–110(f) (1981); *see Garris,* 794 F.2d at 725–26 ("[A] prisoner under a sentence imposed by the Superior Court ... may collaterally challenge the constitutionality of his [or her] conviction by moving in that court for vacatur of his [or her] sentence. The prisoner may also, if unsuccessful on his [or her] motion in the Superior Court, prosecute an appeal to the District of Columbia Court of Appeals."). District of Columbia prisoners have no recourse to any habeas corpus review unless they can demonstrate that the § 23–110 remedy is "inadequate or ineffective" to test the legality of their detention. D.C.Code § 23–110(g) (1981); *see Swain,* 430 U.S. at 378, 97 S.Ct. at 1228 (Congress created postconviction remedy in District of Columbia sentencing court; § 23–110 does not merely require exhaustion of that remedy, rather, habeas petition may not be entertained elsewhere absent demonstration that remedy is inadequate or ineffective).

■ The determination of whether the remedy available to a prisoner under § 23–110 is inadequate or ineffective hinges on the same considerations enabling federal prisoners to seek habeas review:[5] 28 U.S.C.

are available in such situations."); *Mordecai v. United States,* 421 F.2d 1133, 137 U.S.App.D.C. 198 (D.C.Cir.1969) (Section 2255 "refers only to the sentence as imposed, as distinct from the sentence as it is being executed.... Section 2255 is not broad enough to reach matters dealing with the execution of sentence."), *cert. denied,* 397 U.S. 977, 90 S.Ct. 1098, 25 L.Ed.2d 272 (1970); *United States v. Mittelsteadt,* 790 F.2d 39, 40–41 (7th Cir.1986) (per curiam) ("Section 2255 provides the only procedure for challenging federal convictions and sentences; if a prisoner wants 'out' for some other reason his [or her] remedy is habeas corpus, and (with immaterial exceptions) the proper venue for the

habeas corpus proceeding is the district where he [or she] is being held." (citations omitted)).

5. A petitioner may not complain that the remedies provided him by D.C.Code § 23–110 are inadequate merely because he was unsuccessful when he invoked them. *See Garris,* 794 F.2d at 727 ("Habeas corpus is available [to petitioners] only if 'the remedy by motion [under § 23–110] is inadequate or ineffective to test the legality of his detention.' It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative."); *Streater v. Jackson,* 691 F.2d 1026, 1028 n. 5 (D.C.Cir.1982) (where it is unclear what remedy, if any, is available to a petitioner

§ 2255 and D.C.Code § 23–110 are coextensive.[6] However, even if § 23–110 proves inadequate or ineffective to test the legality of a prisoner's detention, a second hurdle must be overcome prior to obtaining federal habeas review: D.C.Code § 16–1901.

## 2. D.C.Code § 16–1901 and 28 U.S.C. § 2241.

 Distinguishable from § 2255 and D.C.Code § 23–110, see Alston, 590 A.2d at 514 (claims challenging the computation of a sentence may not be raised under D.C.Code § 23–110, rather "because such contentions concern the executive department's execution of a sentence, they must be raised in a habeas corpus petition"), habeas corpus is the sole remedy available to federal and state prisoners challenging the fact or duration of confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841–42, 36 L.Ed.2d 439 (1973) (habeas corpus the sole

remedy for challenging imprisonment or seeking speedier release); Chatman–Bey v. Thornburgh, 864 F.2d 804, 810 n. 5, 274 U.S.App.D.C. 398, 404 n. 5 (D.C.Cir.1988) (habeas corpus the sole remedy for challenging parole eligibility); United States v. Monteer, 556 F.2d 880, 880–81 (8th Cir.1977) (prisoner's request for restoration of good time credits challenges manner of execution of sentence, not sentence itself, and must be brought by habeas corpus). Habeas corpus is also the exclusive avenue available to a District of Columbia prisoner challenging the manner of execution of a sentence, rather than the sentence itself. See Bennett v. Ridley, 633 A.2d 824, 827 (D.C.App.1993) (challenge to parole revocation must be brought as habeas corpus action); Alston, 590 A.2d at 514 (inmate's challenge to Executive Branch's execution of his sentence, rather than imposition of sentence, had to be raised

---

in courts of the District of Columbia, a federal district court will hold a habeas petition in abeyance pending petitioner's application to the District of Columbia Court of Appeals; should, however, the petitioner fail to move in the District of Columbia Court of Appeals for such relief within a reasonable time, dismissal of his habeas petition by the district court is justified); David v. Bragg, Civ.A. No. 90–2731, 1991 WL 21563, at *3 (D.D.C. Feb. 14, 1991) ("[T]he focus is on the efficacy of the remedy itself, and a federal court will therefore have jurisdiction only in extraordinary cases, especially given the similarity between the D.C. and federal habeas remedies."); Jackson v. Jackson, 491 F.Supp. 445, 447 (D.D.C. 1980) (Flannery, J.) (where application for vacatur of sentence under D.C.Code § 23–110 remained unanswered for four months, the four months of near-inactivity warranted close review of the situation but such delay, without more, did not render the remedy inadequate or ineffective within the meaning of D.C.Code § 23–110(g)). Nor does the fact that motions under § 23–110 are entertained by term-tenured judges by the District of Columbia appointed by virtue of the grant of legislative authority over that territory in Art. I, § 8, cl. 17 of the Constitution, rather than life-tenured judges appointed under Article III, render § 23–110 inadequate or ineffective. Swain, 430 U.S. at 382–83, 97 S.Ct. at 1230–31.

**6.** See Swain, 430 U.S. 372, 381–82, 97 S.Ct. 1224, 1229–30, 51 L.Ed.2d 411 (1977) ("the scope of the remedy provided by § 23–110 is the same as that provided by § 2255"); Saleh, 788 F.Supp. at 1232 ("Section 23–110 has been found to be adequate and effective because it is coextensive with habeas corpus."); Alston v. United States, 590 A.2d 511, 514 (D.C.App.1991)

(claims challenging the computation of a sentence may not be raised under D.C.Code § 23–110, rather "because such contentions concern the executive department's execution of a sentence, they must be raised in a habeas corpus petition"); Streater v. United States, 429 A.2d 173, 174 (D.C.App.1980), appeal dismissed and cert. denied, 451 U.S. 902, 101 S.Ct. 1966, 68 L.Ed.2d 289 (1981); Gregg v. United States, 395 A.2d 36, 38 (D.C.App.1978) (noting that District of Columbia courts may "draw upon federal court interpretations of 28 U.S.C. § 2255 'which is substantially identical' to § 23–110") (quoting Gibson v. United States, 388 A.2d 1214, 1215 (D.C.App.1978)); accord Neal v. Director, Dep't. of Corrections, 684 F.2d 17, 18–19, 221 U.S.App. D.C. 243, 244–45 (D.C.Cir.1982):

> Swain v. Pressley interpreted D.C.Code § 23–110 to require prisoners subject to that statute to file suit in the Superior Court. Section 23–110, however, by its own terms applies only to prisoners 'claiming the right to be released' on the ground that 'the sentence' is subject to legal attack. Appellant did not attack his sentence. Rather he alleged the illegality of the procedures used to effect his transfer from Lorton to a federal penitentiary. Section 23–100(g)'s command that certain prisoner claims be brought exclusively in the District of Columbia courts is inapplicable to this case because appellant, who presents no challenge to his sentence, was not a 'prisoner who is authorized to apply for relief by motion pursuant to' section 23–110(g). Hence, Swain v. Pressley is not on point, and dismissal of appellant's claims on the basis of Swain was error.
> Id.

in habeas corpus petition, rather than in motion to correct sentence); *Jones v. Jackson*, 416 A.2d 249, 251 (D.C.App.1980) (challenge to parole procedures must be brought as habeas corpus).

However, just as the ability of a prisoner to mount a collateral attack upon a Superior Court sentence is circumscribed by § 23–110, the habeas corpus relief available to prisoners incarcerated in District of Columbia facilities is circumscribed by D.C.Code § 16–1901.[7]

██ Habeas petitions are directed to a prisoner's custodian. *See Braden v. 30th Judicial Circuit*, 410 U.S. 484, 495, 93 S.Ct. 1123, 1129–30, 35 L.Ed.2d 443 (1973) (habeas corpus requires that the court issuing the writ have jurisdiction over the custodian); *Schlanger v. Seamans*, 401 U.S. 487, 490–91, 91 S.Ct. 995, 998, 28 L.Ed.2d 251 (1971) (proper to dismiss habeas corpus petition where court lacks personal jurisdiction over petitioner's custodian). In all but extraordinary cases a petitioner's custodian is the warden of the facility where the petitioner is incarcerated. *See Guerra v. Meese*, 786 F.2d 414, 417 (D.C.Cir.1986) (wardens of the federal facilities at which they were confined, rather than Parole Commission, were custodians of the prisoners and were the proper respondents of the prisoners' habeas petitions).

D.C.Code § 16–1901 provides that if the habeas petition is directed to a federal official, the petition is to be filed in the United States District Court for the District of Columbia.[8] If the petition is directed to any other official, the petition is to be filed in the District of Columbia Superior Court.[9]

██ Accordingly, prisoners convicted in the District of Columbia Superior Court and incarcerated in District of Columbia facilities must file their petitions in Superior Court, while prisoners convicted in Superior Court but incarcerated in federal facilities must file their petitions in the United States District Court for the District of Columbia. D.C.Code § 16–1901(b), (c).

██ The general requirement that a prisoner exhaust his local remedies is distinguishable from the jurisdictional limitations

---

7. D.C.Code § 16–1901 provides:

> (a) A person committed, detained, confined, or restrained from his lawful liberty within the District, under any color or pretense whatever, or a person in his behalf, may apply by petition to the appropriate court, or a judge thereof, for a writ of habeas corpus, to the end that the cause of the commitment, detainer, confinement, or restraint may be inquired into. The court or the judge applied to, if the facts set forth in the petition make a prima facie case, shall forthwith grant the writ, directed to the officer or other person in whose custody or keeping the party so detained is returnable forthwith before the court or judge.
> (b) Petitions for writs directed to Federal Officers or employees shall be filed in the United States District Court for the District of Columbia.
> (c) Petitions for writs directed to any other person shall be filed in the Superior Court for the District of Columbia.
> *Id.* § 16–1901 (1981).

8. D.C.Code § 16–1901(b) (1981); *see, e.g., Drew v. Ridley*, 632 A.2d 405, 407 (D.C.App.1993) (Superior Court did not have jurisdiction under D.C.Code § 16–1901 to entertain habeas corpus petition because petitioner was still serving federal sentence when he filed his petition); *Jones*, 416 A.2d at 254 (petitioner who had been serving federal prison sentence which had not expired when parole violator warrant was issued against him by the federal parole commission was still in federal custody, and, therefore, Superior Court did not have jurisdiction over petition under D.C.Code § 16–1901 because the District of Columbia officials in charge of his incarceration were acting in their federal capacity).

9. *Id.* § 16–1901(c); *see Poole v. Kelly*, 954 F.2d 760 (D.C.Cir.1992) (subject matter jurisdiction over habeas petitions challenging District of Columbia parole eligibility determinations proper in federal court, rather than District of Columbia courts, only for those inmates sentenced prior to effective date of District of Columbia Court Reform and Criminal Procedure Act of 1970); *David*, 1991 WL 21563, at *1 ("While prisoners sentenced by state courts may resort to federal habeas corpus after exhaustion of their state remedies, a District of Columbia prisoner has no recourse to a federal judicial forum."); *cf. Campbell v. McGruder*, 580 F.2d 521, 564 (D.C.Cir. 1978) (MacKinnon, J., concurring & dissenting) ("In directing the 'release on their own recognizance' of prisoners in excess of the limit fixed by its order, the District Court is in effect exercising habeas corpus jurisdiction in futuro without any court consideration. In most instances this would involve D.C. prisoners and this might exceed its jurisdiction.") (citing *Swain v. Pressley*, 430 U.S. 372, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977)).

imposed by the Court Reform Act. The former dictates that appeal of the Superior Court's denial of a § 23–110 motion or § 16–1901 petition to the District of Columbia Court of Appeals should be required before the United States District Court for the District of Columbia attempts to ascertain whether the local remedy is inadequate or ineffective; this allows a prisoner sentenced in the Superior Court to exploit fully his or her remedy in the District of Columbia courts.[10] The latter—together with the requirement that habeas petitions be brought in the district where the petitioner is confined on the date of filing—effectively eliminates the jurisdictional reach of the United States District Court for the District of Columbia regarding collateral attacks brought by prisoners sentenced in the Superior Court, whether styled as motions to vacate, set aside or modify a sentence, or petitions for habeas corpus.

B. *Because Petitioner is serving a District of Columbia Superior Court sentence in a District of Columbia facility, he is in the custody of a District of Columbia official and must therefore file his habeas petition in the Superior Court.*

■ Petitioner cites *McCall v. Swain,* 510 F.2d 167 (D.C.Cir.1975) for the proposition that prisoners incarcerated in the Lorton Facility are in federal custody and that such prisoners may therefore file their habeas petitions in the United States District Court for the District of Columbia under D.C.Code § 16–1901. However, Petitioner misconstrues both the facts and the holding of that case.

Prior to the District of Columbia Court Reform Act, the United States District Court for the District of Columbia functioned as both a local and federal court with respect to certain local crimes. It had exclusive jurisdiction over all felonies (except juveniles retained by the Juvenile Court) and concurrent jurisdiction with the District of Columbia Court of General Sessions over all misdemeanors. As a result of the Act, the District of Columbia now has a two-tier judicial system comprised of one, the United States District Court and the United States Court of Appeals for the District of Columbia, and a second system made up of strictly local courts, the Superior Court and the District of Columbia Court of Appeals. The Superior Court consolidated the former District of Columbia Court of General Sessions, the Juvenile Court of the District of Columbia, and the District of Columbia Tax Court, in addition to assuming jurisdiction over most local matters previously within the jurisdiction of the United States District Court. *See* Court Reform Act § 111, 84 Stat. 482, codified at 11 D.C.Code § 901 (1973).

The petitioner in *McCall* had been tried and sentenced in the United States District Court for a local offense prior to the Court Reform Act. The United States Court of Appeals for the District of Columbia held that whether the petitioner could seek federal habeas corpus review hinged on whether the District of Columbia officials in charge of his or her incarceration were acting as federal or local officials on the date he filed the petition; the proper characterization of these officials, in turn, depended on whether the petitioner was serving a federal or local sentence. Incarcerated at the Lorton Correctional Complex pursuant to a sentence meted out by the United States District Court, the Court held that McCall was in federal custody for habeas jurisdictional purposes. *McCall,* 510 F.2d at 182–83.

---

10. *See, e.g., Miles v. Rollins,* 733 F.Supp. 128, 131 (D.D.C.1990):

> [W]hen Petitioner is still in the process of collaterally challenging his Superior Court convictions pursuant to D.C.Code § 23–110, this Court is precluded from entertaining a petition for writ of habeas corpus 'unless it also appears that the remedy by [a § 23–110] motion is inadequate or ineffective to test the legality of his detention.' Petitioner has made no showing that his § 23–110 remedy which is now in the appellate process is inadequate or ineffective and accordingly this Court must dismiss his position to the extent that it challenges his Superior Court convictions.

*Id.; Coleman v. United States Bureau of Prisons,* 561 F.Supp. 35, 36 (S.D.N.Y.1982) (dismissing habeas corpus petition because petitioner failed to exhaust the remedy available to him before the District of Columbia courts under D.C.Code § 23–110).

The petitioner in the instant case, however, was convicted in the District of Columbia Superior Court. Currently incarcerated at Lorton, Petitioner is accordingly in the custody of District of Columbia officials and his habeas petition must therefore be filed in the District of Columbia Superior Court under D.C.Code § 16–1901. *See Poole, supra.*

### III. *CONCLUSION*

Upon careful consideration of the parties' pleadings, the entire record herein, and the applicable law with respect thereto, the Court will enter an Order of even date herewith consistent with the foregoing Memorandum Opinion dismissing the above-entitled cause, without prejudice to refiling in the District of Columbia Superior Court.