**Bruce Everett VOID–EL, Petitioner,**

v.

**Al HAYNES, Respondent.**

**Civil Action No. 06–1305(ESH).**

United States District Court,
District of Columbia.

July 25, 2006.

Bruce Everett Void–El, Bruceton Mihh West, VA, Pro se.

### *MEMORANDUM OPINION AND ORDER*

HUVELLE, District Judge.

■ Petitioner Bruce Everett Void–El [1] filed the present application for writ of habeas corpus pursuant to 29 U.S.C. § 2254, seeking to vacate a District of Columbia conviction for conspiracy to distribute and possess with the intent to distribute phencyclidine and cocaine, in violation of D.C.Code Sections 33–541(a)(1) and 33–549, and first-degree murder while armed, in violation of D.C.Code Sections 22–2401 and 22–3202. *See Void v. United States,* 631 A.2d 374, 376 (D.C.1993) (affirming judgment of conviction). According to Void–El, the judgment is void due to his innocence, the insufficiency of his indictment, his status as a "nonjuridical entity" outside the reach of District law, and the inconsistency of the jury's verdict. (App. at 1–5.) Because the Court is with-

---

**1.** Petitioner challenges in part his designation during the District of Columbia proceedings 1 as Bruce E. Void. *See Void v. United States,* 631 A.2d 374 (D.C.1993).

**2**

out jurisdiction to consider Void–El's application, it must be denied.

■ Under D.C.Code Section 23–110, one seeking to collaterally attack a District of Columbia conviction or sentence must do so by filing a motion in the Superior Court and, if there unsuccessful, appealing to the District of Columbia Court of Appeals. *See* D.C.Code § 23–110(a) ("A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that ... the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia ... may move the court to vacate, set aside, or correct the sentence."); *id.* § 23–110(f). To the extent that a Section 23–110 remedy is available, it is exclusive:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [Section 23–110] shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under [the section] or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*Id.* § 23–110(g). Congress' passage of Section 23–110, in other words, "entirely divested the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a ... remedy available to them [under the provision], unless the petitioner could show that the ... remedy was 'inadequate or ineffective[.]' " *Blair–Bey v. Quick,* 151 F.3d 1036, 1042 (D.C.Cir.1998); *see also Swain v. Pressley,* 430 U.S. 372, 375, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977) (characterizing Section 23–110 as an "unequivocal statutory command to federal courts not to entertain an application for habeas corpus after the applicant has been denied collateral relief in the Superior Court").

■ Void–El has made no demonstration that the remedy available under Section 23–110 was an "inadequate or ineffective" means of challenging his conviction. *See* D.C.Code § 23–110(g). Indeed, it appears that petitioner has so far failed to seek relief under the provision, there being no reference to a prior motion in his present application. *See id.* Moreover, even if Void–El unsuccessfully pursued his challenge under Section 23–110, this failure would not itself be sufficient to demonstrate the inadequacy or ineffectiveness required to support jurisdiction here. *See Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir.2000) (stating, in the analogous context of 28 U.S.C. § 2255, that "[t]his Court and other Courts of Appeals have consistently noted that a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy") (internal quotations omitted); *Perkins v. Henderson,* 881 F.Supp. 55, 59 n. 5 (D.D.C.1995) ("A petitioner may not complain that the remedies provided him by ... § 23–110 are inadequate merely because he was unsuccessful when he invoked them.").

Accordingly, the Court is without jurisdiction to consider Void–El's application, and it is hereby **ORDERED** that the application is **DENIED** and this case is **DISMISSED WITHOUT PREJUDICE.**