# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**BRUCE E. VOID**,

               Petitioner,

               v.

**UNITED STATES**,

               Respondent.

Case No. 1:17-cv-02768 (TNM)

## MEMORANDUM OPINION

This matter is before the Court on Petitioner's *pro se* "Motion of Habeas Corpus Pursuant to Title 28 U.S.C. §2254(b)(1)(A) and (d)(2), and Federal Rules of Criminal Procedure 12(b)(2), and Title 28 U.S.C. §§1333(a), 1631, and 1652," which is construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  For the reasons discussed below, the petition is denied and this civil action is dismissed.

"[M]ore than two decades after [his] arrest, arraignment, indictment and commencement of trial" in the Superior Court of the District of Columbia, Petitioner claims to have learned of "the possibility of egregious defects and major irregularities in the grand jury process of his case."  Pet. at 6.  Petitioner believes that there is "no proof that the required twelve grand jury members concurred on the allegations levied against" him, and that "the indictment was not filed in open court."  *Id*. at 7.  These purported defects, Petitioner argues, "nullif[ied] the entire grand jury process" and deprived the Superior Court of jurisdiction over the criminal case.  *Id*. at 9.  According to Petitioner, the District of Columbia courts not only "committed a manifest miscarriage of justice by convicting and sentencing [P]etitioner, when they lacked jurisdiction to do so," *id*. at 17, but also rejected his many requests for equitable relief, *see generally id*. at 2-5.  Thus, Petitioner "is left to endure prolonged incarceration."  *Id*. at 9.

1

A federal district court may "entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Courts of the District of Columbia "are treated as 'state' courts for purposes of federal habeas-corpus jurisdiction," *Gorbey v. United States*, 55 F. Supp. 3d 98, 102 (D.D.C. 2014) (citing *Milhouse v. Levi*, 548 F.2d 357, 360 n.6 (D.C. Cir. 1976)), and "a prisoner of the District of Columbia is considered a State prisoner, when [he] is held under a conviction of the D.C. Superior Court," *Banks v. Smith*, 377 F. Supp. 2d 92, 94 (D.D.C. 2005).

Unlike any other state prisoner, however, a District of Columbia prisoner has a local remedy under D.C. Code § 23-110, which provides:

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C. Code § 23-110(a). Further, the statute provides:

> An application for a writ of habeas corpus [o]n behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

D.C. Code § 23-110(g) (emphasis added). This latter provision "vest[s] the Superior Court with exclusive jurisdiction over most collateral challenges by prisoners sentenced in that court." *Williams v. Martinez*, 586 F.3d 995, 1000 (D.C. Cir. 2009) (citations omitted); *see also Head v.*

2

*Wilson*, 792 F.3d 102, 104-05 (D.C. Cir. 2015). Only if a District of Columbia prisoner demonstrates that his Section 23-110 remedy "is 'inadequate or ineffective to test the legality of his detention'" may he seek relief in federal court. *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (footnote and citations omitted); *see also Void-El v. Haynes*, 440 F. Supp. 2d 1, 2 (D.D.C. 2006) ("To the extent that a Section 23-110 remedy is available, it is exclusive"). A challenge to the Superior Court's jurisdiction is properly brought by motion under Section 23-110. *See* D.C. Code § 23-110(a).

Upon review of the petition and its attachments, it is apparent that Petitioner has filed multiple Section 23-110 motions in the Superior Court. These motions all concern Petitioner's same argument, and were substantively considered and denied by the Superior Court. *See* Pet'r's Mot. Ex. 2, 4. These denials were affirmed by the District of Columbia Court of Appeals. *See* Pet'r's Mot. Ex. 8. There is no indication that the remedies in the District of Columbia courts are inadequate or ineffective to test the legality of the petitioner's conviction. His lack of success on these motions—and his many other challenges to his conviction and sentence—does not render his local remedy inadequate or ineffective. *See, e.g.*, *Richardson v. Stephens*, 730 F. Supp. 2d 70, 72 (D.D.C. 2010); *see also Garris*, 794 F.2d at 727 ("It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative, and appellant's difficulty here is simply that his circumstances preclude him from invoking it."). Nor can Petitioner obtain review of the District of Columbia courts' rulings because this court lacks jurisdiction to do so. *See id.* at 725-26 ("[T]he District Court lacks jurisdiction to entertain a habeas corpus petition attacking the constitutional validity of a Superior Court sentence even after the local remedy, if adequate and effective, has been pursued unsuccessfully.") (citing *Swain v. Pressley*, 430 U.S. 372 (1977)).

For the foregoing reasons, it is hereby **ORDERED** that the petition is DENIED and this civil action is DISMISSED.  A separate order will issue.


Dated:  January 4, 2018                              _____/s/_____
                                                     TREVOR N. McFADDEN
                                                     United States District Judge