Opinion for the Court filed by Circuit Judge TATEL.
Opinion concurring in the judgment filed by Circuit Judge BROWN.
TATEL, Circuit Judge:
Section 23-110 of the D.C.Code establishes a procedure for collateral review of convictions in the D.C. Superior Court and creates exclusive jurisdiction in that court “unless” the remedy provided by that section is “inadequate or ineffective.” In this case, we must decide whether section 23-110 bars a prisoner convicted in Superior Court from bringing a federal habeas corpus petition alleging ineffective assistance of appellate counsel. Because the D.C. Court of Appeals has held that challenges to the effectiveness of appellate counsel may not be brought pursuant to section 23-110, but must instead be raised through a motion to recall the mandate in that court, we hold that section 23-110 does not deprive federal courts of jurisdiction over habeas petitions alleging ineffective assistance of appellate counsel.
*997 I.
Although the background of this case is complicated, involving as it does several proceedings spanning more than fifteen years, see Williams v. United States, 878 A.2d 477 (D.C.2005) (en banc); Williams v. United States, 783 A.2d 598 (D.C.2001), understanding the issue before us requires knowing only the following.
In 1990, a D.C. Superior Court jury convicted appellant Craig Allan Williams of first-degree murder. Represented by new counsel, Williams then appealed. During the pendency of that appeal, Williams filed a motion for post-conviction relief pursuant to D.C.Code § 23-110, which provides that a “prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that [ ] the sentence was imposed in violation of the Constitution ... may move the court to vacate, set aside, or correct the sentence.” D.C.Code § 23-110(a).
Consistent with its usual practice, the D.C. Court of Appeals stayed Williams’s direct appeal pending the Superior Court’s resolution of his section 23-110 motion. See Shepard v. United States, 533 A.2d 1278, 1280 (D.C.1987). Thereafter, the Superior Court denied Williams’s section 23-110 motion, and the D.C. Court of Appeals consolidated his appeal of that denial with his direct appeal. In 1995, the D.C. Court of Appeals affirmed Williams’s conviction.
Williams then filed a motion in the D.C. Court of Appeals to recall the mandate affirming his conviction — the procedure required in the District of Columbia to litigate the issue of ineffective assistance of appellate counsel. See Watson v. United States, 536 A.2d 1056, 1060 (D.C.1987) (en banc). In that motion, Williams complained that counsel on both his direct appeal and his section 23-110 motion had rendered ineffective assistance. The D.C. Court of Appeals summarily denied the motion to recall the mandate.
Making the same ineffective assistance of appellate counsel claim, Williams then sought habeas relief in federal court. The district court dismissed Williams’s habeas petition for lack of jurisdiction on the ground that section 23-110 provides the exclusive remedy for collateral challenges to sentences imposed by the Superior Court. Williams v. Martinez, 559 F.Supp.2d 56, 57-58 (D.D.C.2008).
Williams appealed, and we referred his case to the district court to determine in the first instance whether to issue a certificate of appealability (COA). See 28 U.S.C. § 2253(c)(1) (requiring a COA to appeal a final order in a habeas proceeding); United States v. Mitchell, 216 F.3d 1126, 1130 (D.C.Cir.2000) (holding that petitioners should seek a COA from the district court before requesting one from the appeals court). The district court declined to issue a COA, explaining that for the reasons given in its opinion dismissing Williams’s claim for lack of jurisdiction, Williams had failed to make “a substantial showing of the denial of a constitutional right,” as required for a COA. 28 U.S.C. § 2253(c)(2). Williams then filed a request for a COA in this court, and we appointed amicus curiae to present arguments on his behalf.
Because the district court denied Williams’s petition without reaching the merits of his constitutional claim, we review his request for a COA in two steps. We ask first whether Williams has shown that “jurists of reason would find it debatable whether the district court was correct” in dismissing his petition for lack of jurisdiction, and second whether “jurists of reason would find it debatable whether [his] petition states a valid claim of the denial of a constitutional right.” Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. *998 1595, 146 L.Ed.2d 542 (2000). We take each step in turn.
II.
The answer to the first question — • whether the district court correctly dismissed Williams’s claim for lack of jurisdiction — turns on the reach of section 23-110. Section 23-110(a) authorizes a “prisoner in custody under sentence of the Superior Court” to “move the court to vacate, set aside, or correct the sentence.” D.C.Code § 23-110(a). Section 23 — 110(g) provides:
An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
D.C.Code § 23-110(g).
Williams contends that section 23-110(g) presents no bar to his ineffective assistance of appellate counsel claim. Specifically, he argues that because the D.C. Court of Appeals prohibits prisoners from bringing challenges to the effectiveness of appellate counsel under section 23-110— they may be raised only through a motion to recall the mandate — his remedy under section 23-110 is “inadequate or ineffective.” According to the government, Williams, by focusing solely on the adequacy of his remedies under section 23-110, “addresses the wrong question.” Appellees’ Br. 25. As the government sees it, the proper inquiry is not whether section 23-110 provides an adequate remedy to test the legality of Williams’s detention, but rather whether the “local remedy” taken as a whole does. Id. Therefore, the government argues, because the D.C. Court of Appeals provides an adequate local remedy to challenge the effectiveness of appellate counsel, namely the opportunity to file a motion asking the court to recall its mandate, section 23-110 bars Williams’s habeas petition.
We agree with Williams. Section 23-110(g)’s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a). Recall that section 23-110(g) provides that a prisoner authorized to apply for relief under section 23-110(a) may not bring a habeas petition in federal court “unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.” D.C.Code § 23-110(g). “[Rjemedy by motion” plainly refers to motions filed pursuant to section 23-110(a). Although the D.C. Court of Appeals allows prisoners to challenge the effectiveness of appellate counsel through a motion to recall the mandate, such a motion — filed directly in the D.C. Court of Appeals — -is obviously not a “remedy by [section 23-110] motion,” which is filed in the D.C. Superior Court. D.C.Code § 23-110(g). Indeed, the D.C. Court of Appeals .itself has emphasized that a motion to recall the mandate is an “independent” action separate and apart from a section 23-110 motion. Wu v. United States, 798 A.2d 1083, 1091 (D.C. 2002). Thus, because the Superior Court lacks authority to entertain a section 23-110 motion challenging the effectiveness of appellate counsel, that section is, by definition, inadequate to test the legality of Williams’s detention. Accordingly, section 23-110 does not bar Williams’s habeas petition.
Our decision in Streater v. Jackson, 691 F.2d 1026 (D.C.Cir.1982), supports this *999 view. There, the D.C. Court of Appeals dismissed Streater’s section 23-110 motion alleging ineffective assistance of appellate counsel. Streater then petitioned for habeas relief in the district court, which dismissed his petition for failing to exhaust his local remedies. On appeal, we recognized that Streater found himself in a bind: on the one hand, section 23-110 was unavailable to him because the Superior Court lacks authority to review appellate proceedings; on the other hand, the D.C. Court of Appeals had at that time failed to clarify what avenue of local relief remained open to him. Accordingly, we instructed the district court to hold Streater’s habeas petition in abeyance pending his application to the D.C. Court of Appeals to recall its mandate — the very procedure subsequently adopted by the D.C. Court of Appeals as the appropriate vehicle for mounting a challenge to the effectiveness of appellate counsel. Id. at 1028; see Watson, 536 A.2d at 1060-61 (requiring that ineffective assistance of appellate counsel claims be litigated through a motion to recall the mandate). Of significance to the issue before us, we clarified that after “a cogent ruling from the D.C. Court of Appeals concerning local relief, if any, for Streater, the District Court will be in a position to rule intelligently on his federal petition for habeas corpus.” Streater, 691 F.2d at 1028. In other words, Streater anticipated precisely the situation we confront here — a federal habeas petition asserting ineffective assistance of appellate counsel after the prisoner moved to recall the mandate in the D.C. Court of Appeals — and seemed to have assumed that the district court would have jurisdiction to entertain that petition.
Blair-Bey v. Quick, 151 F.3d 1036 (D.C.Cir.1998), further reinforces this conclusion. In that ease, a prisoner convicted of violating the District of Columbia Code filed a federal habeas petition challenging the procedures under which he was denied parole by the D.C. Parole Board. We concluded that section 23-110 presented no bar to the habeas proceeding, explaining that the claim could not have been brought under section 23-110 because it did not “challenge [Blair-Bey’s] conviction or sentence” as provided in section 23-110, and “section 23-110(g) only bars us from hearing those claims that could have been raised through section 23-110.” Id. at 1043; see also Neal v. Director, 684 F.2d 17, 19 (D.C.Cir.1982) (finding that section 23-110(g) does not preclude federal court jurisdiction over a prisoner’s habeas challenge to his transfer between penitentiaries because challenges to prison transfer procedures fall outside the scope of section 23-110). Blair-Bey therefore confirms that section 23-110(g) divests federal courts of jurisdiction only over habeas petitions by prisoners who, unlike Williams, have an effective section 23-110 remedy available to them.
Blair-Bey also speaks to the question, arguably left open in Streater, whether the availability of an adequate local remedy outside section 23-110 is sufficient to bar prisoners sentenced in the District of Columbia from seeking federal habeas relief. In Blair-Bey, as in this case, the prisoner had another means to seek his release: section 16-1901 of the D.C.Code, which provides a general habeas corpus remedy for prisoners confined in the District. D.C.Code § 16-1901. Despite the availability of that alternative procedure, however, we allowed Blair-Bey’s federal habeas petition to go forward. Blair-Bey, 151 F.3d at 1047.
The section 16-1901 procedure at issue in Blair-Bey is analogous to the mandate-recall procedure at issue here in that both provide prisoners with a means to secure their release, and both provide relief comparable to that otherwise available for claims that fall within section 23-110’s *1000 scope. See Norris v. United States, 927 A.2d 1034, 1038 (D.C.2007) (explaining that section 16-1901 and section 23-110 are both “designed to permit challenges to unlawful custody”). Indeed, section 16-1901 is perhaps more akin to section 23-110 because, like a section 23-110 motion, a habeas petition under section 16-1901 is filed directly with the Superior Court. See D.C.Code § 16 — 1901(e). But just as the availability of section 16-1901 did not bar BlairBey’s federal habeas petition, the availability of the mandate-recall procedure does not divest the federal district court of jurisdiction over Williams’s petition.
Nothing in Garris v. Lindsay, 794 F.2d 722 (D.C.Cir.1986), on which the government relies, requires a different result. In that case, Garris, a D.C. prisoner, argued in his direct appeal that he had been denied his Sixth Amendment right to represent himself in his Superior Court trial. The D.C. Court of Appeals rejected that claim, and D.C. law barred him from relitigating the issue collaterally under section 23-110. Id. at 727. Garris then filed a federal habeas petition in which he argued that because he was unable to take advantage of section 23-110, the district court had authority to entertain his petition. Noting that “[i]t is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative,” we concluded that the district court lacked habeas jurisdiction. Id. at 727. Here, it is indeed the “inefficacy of the remedy” that presents the problem. Section 23-110 was unavailable to Williams because his constitutional claim — unlike Garris’s — falls outside that statute’s scope.
In concluding that Williams may proceed with his habeas petition, we are mindful that when Congress enacted section 23-110 as part of the District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub.L. No. 91-358, § 210, 84 Stat. 608, it sought to vest the Superior Court with exclusive jurisdiction over most collateral challenges by prisoners sentenced in that court. See Swain v. Pressley, 430 U.S. 372, 378, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977); Blair-Bey, 151 F.3d at 1045-46; see also Swain, 430 U.S. at 381-82, 97 S.Ct. 1224 (explaining that “[sjince the scope of the remedy provided by § 23-110 is the same as that provided by § 2255, it is also commensurate with habeas corpus in all respects save” administration by Article III judges). That said, Congress also included the “inadequate or ineffective” exception, indicating that it contemplated circumstances under which prisoners sentenced in Superior Court could petition for habeas relief in federal court. As noted above, supra at 999-1000, we have already recognized some exceptions under section 23 — 110(g), and today we recognize another. The government warns that allowing habeas petitions like Williams’s to proceed will “open the floodgates to frivolous federal habeas claims.” Appellees’ Br. 35. Although the government gives us no basis for thinking that will happen, Congress can always close the “floodgates” if the feared deluge comes to pass.
The concurring opinion correctly notes that D.C. prisoners who challenge the effectiveness of appellate counsel through a motion to recall the mandate in the D.C. Court of Appeals will get a second bite at the apple in federal court. But that is a consequence of section 23-110(g), which bars federal habeas claims only when the section 23-110 motion is adequate or effective. As explained above, a motion to recall the mandate does not qualify as a motion pursuant to section 23-110. Moreover, we allowed Blair-Bey to file a federal habeas petition challenging his parole proceedings even though the D.C. Court of Appeals had affirmed the Superior Court’s denial of his D.C. habeas petition making precisely the same claim. Blair-Bey, 151 *1001 F.3d at 1038, 1047. We also recognize that if the D.C. Court of Appeals wishes to avoid federal habeas review of ineffective assistance of appellate counsel claims, it would have to abandon its mandate-recall procedure and permit the Superior Court to entertain such challenges under section 23-110 — -just as we require such claims to be raised directly in the district court pursuant to 28 U.S.C. § 2255. See United States v. Henry, 472 F.3d 910, 915 (D.C.Cir.2007) (requiring federal prisoners to raise ineffective assistance of appellant counsel claims pursuant to section 2255); concurring op. at 1004-1005. But again, that is a consequence of how Congress wrote section 23-110 and how the District of Columbia’s highest court has interpreted that provision of the D.C. Code. Although Congress could amend the statute, we cannot, and on questions of District of Columbia law this court defers to the D.C. Court of Appeals. See Blair-Bey, 151 F.3d at 1050.
Given the foregoing, Williams has more than satisfied the first step of his COA burden. He has shown not just that the district court’s habeas jurisdiction is debatable, see Slack, 529 U.S. at 484, 120 S.Ct. 1595, but that under section 23-110 the district court in fact has jurisdiction to entertain his habeas petition. We must therefore decide whether Williams has presented a reasonably debatable claim of the denial of a constitutional right, an issue to which we now turn.
III.
Although criminal defendants enjoy a due process right to the effective assistance of counsel during their first appeal as of right, Evitts v. Lucey, 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), the Supreme Court has made clear that defendants lack a constitutional entitlement to effective assistance of counsel in state collateral proceedings, Coleman v. Thompson, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). In this case, the government contends that Williams’s ineffective assistance of counsel claims relate solely to his section 23-110 motion, a collateral procedure to which no right of counsel attaches. Accordingly, the government argues, Williams has failed to allege the denial of a constitutional right and so has no right to a COA. We disagree.
The government is certainly correct that Williams’s habeas petition challenges the effectiveness of counsel in the section 23-110 proceedings. But the petition does not stop there. It goes on to challenge the effectiveness of counsel in the direct appeal as well. “Ground two” of the petition expressly alleges the “[djenial of due process and effective assistance of counsel on first appeal of criminal conviction.” Pet. for Writ of Habeas Corpus at 19.5, Williams v. Martinez, 559 F.Supp.2d 56 (D.D.C.2008). Contrary to the government’s claim, then, Williams has in fact asserted the denial of a constitutional right — effective assistance of counsel in his direct appeal.
Having established that Williams has asserted a constitutionally cognizable right in his habeas petition, we must determine whether he has shown a reasonably debatable infringement of that right. See Slack, 529 U.S. at 484, 120 S.Ct. 1595. “The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits.” Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Because the district court found it unnecessary to reach the merits of Williams’s habeas petition, however, we lack the benefit of that court’s analysis. Moreover, the parties’ briefs give little attention to the merits of Williams’s claim, and to the extent that they do, they disagree on the precise nature of that claim. Given all this, we are *1002 unprepared to decide whether Williams has met his burden of stating “a valid claim of the denial of a constitutional right.” Slack, 529 U.S. at 484, 120 S.Ct. 1595; see id. at 485, 489, 120 S.Ct. 1595 (declining to address the merits of the COA analysis where the parties had not briefed the issue). Accordingly, we remand the case to the district court to consider the merits component of the COA question, an evaluation that the court should undertake in light of the standard set forth in 28 U.S.C. § 2254. See Miller-El, 537 U.S. at 349-50, 123 S.Ct. 1029 (Scalia, J., concurring) (explaining that a judge should deny a COA if all reasonable jurists would conclude that the habeas statute bars relief); cf. Madley v. U.S. Parole Comm’n, 278 F.3d 1306, 1308-09 (D.C.Cir.2002) (holding that District of Columbia courts are deemed to be state courts for purposes of 28 U.S.C. § 2253); Goody v. Vaughn, 251 F.3d 480, 484-85 (3d Cir.2001) (requiring a state prisoner to challenge his custody under 28 U.S.C. § 2254 rather than § 2241).
For the foregoing reasons, we reverse the dismissal of Williams’s habeas petition and remand to the district court for further proceedings consistent with this opinion.

So ordered.