**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| LESTER CHEW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-0486 (RBW) |
| | ) | |
| J.C. HOLLAND, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**MEMORANDUM OPINION**

On April 10, 2013, Lester Chew ("the petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, and on May 20, 2013, the respondent filed a motion to dismiss.[1] For the reasons discussed below, the respondent's motion will be granted.

## I. BACKGROUND

In the Superior Court of the District of Columbia ("Superior Court"), a jury found the petitioner guilty of second degree murder while armed, among other offenses, and on May 2, 2003, the court imposed an aggregate maximum sentence of 51 years' incarceration. *See* Petition for a Writ of Habeas Corpus by a Person in Custody ("Pet.") at 2[2]; Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus ("Resp't's Mot."), Ex. 2. The petitioner filed a direct appeal to the District of Columbia Court of Appeals on May 12, 2003. Resp't's Mot. at 3;

---

[1]  The petitioner had an opportunity to file an opposition to the respondent's motion, but, to date, he has not done so.

[2]  The page numbers used for the Petition have been designated by the Court based on the order in which they were submitted to the Court by the petitioner.

1

*see id.*, Ex. 3-4.  While the appeal was pending, on February 13, 2004, appointed counsel filed in

the Superior Court a motion under D.C. Code § 23-110 for a new trial, *id.*, Ex. 5, as well as a

supplement to that motion on January 23, 2006, *id.*, Ex. 10.  The Superior Court denied the § 23-

110 motion on October 19, 2006, *id.*, Ex. 12, and on July 23, 2007, the Court of Appeals

affirmed not only the petitioner's convictions on direct appeal but also the Superior Court's

ruling on the § 23-110 motion.  *Id.*, Ex. 13; *see Chew v. United States*, 928 A.2d 730 (D.C. 2007)

(Table).  The Court of Appeals denied the petitioner's motion to recall the mandate on February

6, 2008.  Resp't's Mot., Ex. 15.  Undaunted, on August 20, 2008, the petitioner filed *pro se* a

second § 23-110 motion, *id.*, Ex. 16, which the Superior Court denied on March 23, 2010, *id.*,

Ex. 18.  The petitioner did not appeal this ruling.

    The petitioner is now raising an ineffective assistance of appellate counsel claim. [3]

According to the petitioner, his appellate counsel "failed to recognize and file . . . obvious

examples of ineffective assistance of counsel, by counsel appointed during [his] trial, along with

clearly meritorious issues and points that should have been raised . . . ."  Memorandum of Points

and Authorities in Support of Petition for Writ of Habeas Corpus ("Pet'r's Mem.") at 4.  For

example, he represents that his appellate counsel did not raise trial counsel's

---

[3]   The petitioner also contends that he was provided ineffective assistance by his trial attorney.
However, this Court lacks jurisdiction over the petitioner's ineffective assistance of trial counsel
claims.  *See Williams v. Martinez,* 586 F.3d 995, 999 (D.C. Cir. 2009); *see also Reyes v. Rios,*
432 F. Supp. 2d 1, 3 (D.D.C. 2006) ("Section 23-110 provided the petitioner with a vehicle for
challenging his conviction based on the alleged ineffectiveness of his trial counsel."); *Garmon v.
United States,* 684 A.2d 327, 329 n.3 (D.C. 1996) ("A motion to vacate sentence under section
23-110 is the standard means of raising a claim of ineffective assistance of trial counsel.").
However, this Court may entertain the petitioner's ineffective assistance of appellate counsel
claim.  *See Williams*, 586 F.3d at 1000 ("D.C. prisoners who challenge the effectiveness of
appellate counsel through a motion to recall the mandate in the D.C. Court of Appeals will get a
second bite at the apple in federal court."); *see also Watson v. United States,* 536 A.2d 1056,
1060 (D.C. 1987) (en banc) (noting that "the Superior Court should not have authority to rule on
the constitutionality of an appellate proceeding").

fail[ure] to adequately attack and contest the admittance of the alleged 'dying declaration,' and [that] he failed to fully investigate the circumstances which caused the demise of the declarant, along with the feasibility of supporting a claim that [he] should have been sentenced under a form of Manslaughter rather than 2nd degree murder.

*Id.* at 5; *see id.* at 9-10. The petitioner therefore claims to have been "deprived of adequate counsel through the proceedings in this prosecution," such that he has been deprived "of justice that is due." *Id.* at 12.

## II. DISCUSSION

A federal district court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Although the petitioner is serving a criminal sentence imposed by the Superior Court of the District of Columbia, he is considered a state prisoner for purposes of federal habeas relief. *See, e.g., Hazel v. Lves,* No. 11-1100, 2011 WL 5022899, at *1 (D.D.C. Oct. 20, 2011) (recognizing that a District of Columbia prisoner is considered a State prisoner); *Banks v. Smith*, 377 F. Supp. 2d 92, 94 (D.D.C. 2005) ("The D.C. Circuit has consistently held that when considering a writ of habeas corpus a prisoner of the District of Columbia is considered a State prisoner, when the prisoner is held under a conviction of the D.C. Superior Court."); *cf. Madley v. U.S. Parole Comm'n,* 278 F.3d 1306, 1308-09 (D.C. Cir. 2002) (holding that District of Columbia courts are deemed to be state courts for purposes of 28 U.S.C. § 2253).

"Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) . . . 'impose[d] a 1-year period of limitation' on motions brought under [28 U.S.C. § 2255]." *United States v. Saro*, 252 F.3d 449, 451 (D.C. Cir. 2001) (citation omitted). "Courts have

3

generally applied the same analysis to the time limitations in § 2254 and § 2255," *United States v. Cicero,* 214 F.3d 199, 203 n.\* (D.C. Cir. 2000), and, therefore, a one-year period of limitation applies to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of the District of Columbia Superior Court, 28 U.S.C. § 2244(d)(1); *see Wright v. Wilson*, __ F. Supp. 2d __, __, 2013 WL 949845, at \*2 (D.D.C. Mar. 12, 2013). "The limitation period . . . run[s] from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see Clay v. United States*, 537 U.S. 522, 527 (2003) (stating that a criminal conviction becomes final "when [the Supreme Court of the United States either] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). The respondent moves to dismiss the petition "as untimely under 28 U.S.C. § 2244(d)(1) because it was filed after the one-year limitation period expired, and there are no applicable exceptions to this time bar." Resp't's Mot. at 6. The Court agrees.

The District of Columbia Court of Appeals denied the petitioner's motion to recall the mandate on February 6, 2008, and the deadline for filing a petition for a writ of certiorari in the Supreme Court, *see* S. Ct. R. 13(1), was May 7, 2008. The one-year limitations period therefore began to run on May 8, 2008, and expired on May 9, 2009. The limitations period was tolled, *see* 28 U.S.C. § 2244(d)(2), while the petitioner's second § 23-110 motion was pending in the Superior Court. When that motion was filed on August 20, 2008, 104 days of the one-year limitations period had elapsed and 262 days remained. The Superior Court denied the motion on March 23, 2010, and the thirty-day period within which the petitioner could have filed an appeal of that ruling expired on April 23, 2010. The limitations period thus began to run again on April 24, 2010, and expired 262 days later, on January 11, 2011.

4

Section "2244(d) is subject to equitable tolling in appropriate cases," *Holland v. Florida*, 560 U.S. 631, ___, 130 S. Ct. 2549, 2560 (2010) (citations omitted), but "only if [the petitioner] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," *id.*, 130 S. Ct. at 2562 (citation and internal quotation marks omitted). No such showing has been demonstrated by the petitioner and the Court's independent review has not identified any extraordinary circumstance that would have prevented him from pursuing habeas relief in federal court within the applicable time limit.

## III.  CONCLUSION

For the foregoing reasons, the Court concludes that the petitioner's habeas petition is untimely. Accordingly, the Court will grant the respondent's motion to dismiss. An Order accompanies this Memorandum Opinion.


DATE:   November 22, 2013                    /s/
                                             REGGIE B. WALTON
                                             United States District Judge