**George Leon ADAMS, Appellant**

v.

**Scott A. MIDDLEBROOKS, Appellee.**

No. 11–5268.

United States Court of Appeals,
District of Columbia Circuit.

March 4, 2016.

George Leon Adams, Coleman, FL, pro se.

Tony Axam, Jr., A.J. Kramer, Office of the Federal Public Defender, Washington, DC, Warden (Coleman I), Coleman, FL, for Appellant.

Bernard James Apperson, III, Esquire, John Perry Mannarino, Elizabeth Trosman, Esquire, USAO Appellate Counsel, U.S. Attorney's Office, Washington, DC, for Appellee.

Before: HENDERSON and ROGERS, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

### *JUDGMENT*

This appeal was considered on the record of the United States District Court for the District of Columbia and on the briefs and oral arguments of the parties. The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. Rule 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

On November 15, 2010, Adams filed a habeas petition pursuant to 28 U.S.C. § 2254 alleging, among other things, ineffective assistance of appellate counsel ("IAAC") in his appeal to the D.C. Court of Appeals of his criminal convictions in the D.C. Superior Court. Adams argued appellate counsel failed to raise an issue that would have resulted in a not guilty

verdict, including that trial counsel "fail[ed] to acknowledge [Adams's] right to an alibi defen[s]e." Pet. for a Writ of Habeas Corpus 39. Adams also argued, in view of evidence he proffered, that it is " 'more likely than not that no reasonable juror would have convicted him[.]' " *Id.* at 40 (quoting *Schlup v. Delo,* 513 U.S. 298, 327–28, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). The district court denied Adams's petition in part because Adams had presented no persuasive new evidence to support a claim of actual innocence and had failed to raise any issue that his appellate counsel had not raised. *See Adams v. Middlebrooks,* 810 F.Supp.2d 119, 126–27 (D.D.C.2011); *see also* 28 U.S.C. § 2254(d). The district court noted that appellate counsel had argued the ineffectiveness of Adams's trial counsel ("IAC") and that Adams had failed to "persuade[ ] [it] that [appellate counsel] failed to find arguable issues to appeal or that, but for [appellate counsel's] error, there is a reasonable probability that Adams would have prevailed in his appeal...." *Adams,* 810 F.Supp.2d at 127.

The district court's denial of Adams's petition followed lengthy proceedings in the D.C. courts. The D.C. Court of Appeals affirmed Adams's convictions, including for the murder of Robert Hamilton, after holding his direct appeal in abeyance pending resolution of his initial collateral attack under D.C.Code § 23–110. *See Adams v. United States,* Nos. 97–CF–633 & 99–CO–583, Mem. Op. 1–6 (D.C. May 19, 2000). Adams first raised his trial counsel's failure to present an alibi defense in 2004 in another D.C.Code § 23–110 motion, but the D.C. Court of Appeals affirmed that Adams was procedurally barred because he had failed to raise those arguments on direct appeal or in his prior motion. In 2008, Adams first raised his IAAC claim based on appellate counsel's failure to argue trial counsel's ineffective-

ness due to failure to present an alibi defense. Although denied on jurisdictional and procedural grounds by the D.C. Superior Court, the D.C. Court of Appeals "review[ed] [de novo] ... the merits [of Adams's motion to recall the mandate] as if [it] had been properly filed." *Adams v. United States,* No. 08–CO–1274, Mem. Op. at 2 (D.C. Oct. 29, 2009). It held that Adams had not presented a meritorious IAAC claim because appellate counsel had "argued ineffective assistance of trial counsel on several grounds" in a supplement to Adams's *pro se* collateral attack on his conviction, "the claims raised ... represent[ed] strategic decisions," and "counsel's decision and performance were clearly reasonable," *id.* at 3 (citing *Strickland v. Washington,* 466 U.S. 668, 688–91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

Adams appealed the denial of his section 2254 habeas petition. This court granted a certificate of appealability with regard to his IAAC claim relating to appellate counsel's failure to argue that trial counsel erred in failing to present an alibi defense. *See* Order, Jan. 4, 2013. Due to a counting error in Adams's appellate brief, the court issued an order to show cause why his section 2254 petition was not untimely under the statute of limitations in 28 U.S.C. § 2244(d)(1). *See* Order, Feb. 1, 2016. In response, Adams acknowledged his section 2254 petition was untimely, but sought a remand to the district court to consider his actual innocence claim as an exception to the statute of limitations. Appellant's Resp. 5 (Feb. 4, 2016). He relies on *McQuiggin v. Perkins,* ––– U.S. –––, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013). Assuming without deciding that Adams's actual innocence claim can be reached, we find no error by the district court.

In *McQuiggin,* the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may

pass whether the impediment is a procedural bar ... or ... expiration of the statute of limitations[,]" including the limitation period under 28 U.S.C. § 2244(d). 133 S.Ct. at 1928. The Court emphasized, reaffirming its precedent, that "tenable actual-innocence gateway pleas. are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' " *Id.* (quoting *Schlup*, 513 U.S. at 329, 115 S.Ct. 851). Moreover, " 'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." *McQuiggin*, 133 S.Ct. at 1928 (quoting *Schlup*, 513 U.S. at 332, 115 S.Ct. 851). The Court remanded in the absence of findings by the district court and instructed: "On remand, the District Court's appraisal of [the habeas] petition as insufficient to meet *Schlup's* actual-innocence standard should be dispositive, absent cause ... for the [appellate court] to upset that evaluation." *Id.* at 1936. More stringent still, the Court reiterated that "the gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error.' " *Id.* (quoting *Schlup*, 513 U.S. at 316, 115 S.Ct. 851).

Here, the district court has evaluated the merits of the actual innocence claim, in the course of ruling, pre-*McQuiggin*, that Adams did not satisfy the actual innocence standard to warrant an exception to D.C.Code § 23–110(g)'s bar against filing IAC claims in federal habeas petitions instead of the D.C. Superior Court. *See Adams*, 810 F.Supp.2d at 125–26. Although the district court lacked jurisdiction to address Adams's IAC claim, *see* Order, Apr. 25, 2012 (citing *Ibrahim v.*

*United States*, 661 F.3d 1141, 1146 (D.C.Cir.2011)), the district court's analysis still applies to Adams's attempt to invoke actual innocence in relation to his IAAC claim over which it had jurisdiction, *see Williams v. Martinez*, 586 F.3d 995, 998–1001 (D.C.Cir.2009). The district court addressed Adams's alibi evidence, which consisted of affidavits. The court found that the Clark and Wilson affidavits of 2003 and 2004, which stated Adams was in the vicinity of 56th Street and Central Avenue, S.E., around the time of Hamilton's murder at 1st Street and N Street, N.E., were not new evidence because they "w[ere] known to Adams's trial counsel at the time of his trial" and had been presented in the D.C. Superior Court in 2004. *Adams*, 810 F.Supp.2d at 126. The district court further found that a third affidavit by Owens in 2011 made the same assertions as the other two regarding Adams's location. *See id.* Considering the affidavits, the district court found:

> At best these affiants place petitioner across town at around the time of Hamilton's murder. None of these affiants states that he or she was with Adams for any extended period of time; he arguably could have committed the offenses for which he was convicted and traveled to the East Capitol Dwellings afterwards. Even if true, their testimony does not make it "more likely than not that no reasonable juror would have convicted him," and it does not establish his innocence.

*Id.* (quoting *Calderon v. Thompson*, 523 U.S. 538, 540, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998)).

▮ Now Adams, in challenging the district court's findings as erroneous, seeks a remand to relitigate the IAC and IAAC claims that he unsuccessfully raised in the D.C. courts. *See* Appellant's Resp. 3–5. Adams's claims of error by the district

court are insufficient to show cause to upset the district court's findings under *McQuiggin*. First, he maintains that the district court's findings on his actual innocence are "erroneous as a matter of law and fact," to the extent that the district court did not consider two of the affidavits "new" evidence. *Id.* at 3. In fact, the district court considered the substance of the affidavits. *See Adams*, 810 F.Supp.2d at 125–26. Second, Adams maintains that the district court clearly erred in finding the affiants failed to state Adams was with any one of them for an extended period of time. *See* Appellant's Resp. 4–5. Adams reads the affidavits as implying he was in the affiants' views throughout the time periods stated in the affidavits. (He notes the murder occurred at approximately 9 a.m. at 1st and N Streets, N.E., while the affiants referred to him as being elsewhere between 8 a.m. and 10 or 10:30 a.m. *See id.* at 4–5 & n. 2.) Because the affidavits do not expressly state what Adams implies, he fails to show clear error. Third, Adams maintains that there was no record evidence supporting the district court's finding that he could "arguably" have joined the affiants after committing the murder, *see id.* at 5, but geographic location is a matter of which the courts may take judicial notice, *see United States v. Burroughs*, 810 F.3d 833, 835 n. 1 (D.C.Cir.2016), and he fails to show clear error in view of the district court's understanding of the affidavits.

Further, there are no grounds to upset the district court's conclusion that Adams failed to present "persuasive new evidence to support a claim of actual innocence." *Adams*, 810 F.Supp.2d at 127. The affidavits are not new evidence, and the belated nature of Adams's IAAC challenge does not weigh in his favor under *McQuiggin*. Adams could have gathered affidavits supporting his alibi defense following his 1995 arrest or 1996 conviction. Instead, he did not do so until 2003, and did not present it to the D.C. Superior Court until 2004. Under *McQuiggin*, the " 'timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence[,]" 133 S.Ct. at 1928 (quoting *Schlup*, 513 U.S. at 332, 115 S.Ct. 851), just as "[u]nexplained delay in presenting new evidence bears on the determination whether the petition has made the requisite showing[,]" 133 S.Ct. at 1935.

█ Under the circumstances, the district court did not clearly err in concluding that Adams had not presented " 'evidence of innocence so strong' " as to create a lack of confidence in the outcome of his trial. *Id.* at 1936 (quoting *Schlup*, 513 U.S. at 316, 115 S.Ct. 851). Accordingly, because Adams fails to demonstrate actual innocence as a "gateway" to overcome the statute of limitations in 28 U.S.C. § 2244(d)(1), we dismiss his section 2254 petition as time-barred. This judgment does not disturb our prior holding that the district court lacked jurisdiction to address Adams's IAC claim. *See* Order, Apr. 25, 2012 (citing *Ibrahim*, 661 F.3d at 1146).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.