# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANTHONY L. DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-cv-0092 (APM) |
| | ) | |
| MICHAEL D. BRITTIN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

Petitioner Anthony L. Davis asks "this Court to vacate, set-aside, or correct the [s]entence," Pet., ECF No. 1, at 5 (page numbers designated by ECF), imposed by the Superior Court of the District of Columbia for his conviction in 1996 of first-degree murder while armed and related firearms offenses, *id*. at 8. Petitioner is serving a term of 30 years to life imprisonment. *Id*. According to Petitioner, his conviction is unlawful because the Assistant United States Attorney who prosecuted his case committed misconduct. *See generally id*. at 10–12, 17–20. Petitioner also challenges the constitutionality of D.C. Code § 22-2404, the statute pursuant to which the Superior Court imposed a 30-year mandatory minimum sentence. *See generally* Pet. at 5, 74–77.

A federal district court may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). For purposes of § 2254, the local courts of the District of Columbia are treated like state courts. *See Milhouse v. Levi*, 548 F.2d 357, 360 n.6 (D.C. Cir. 1976); *Banks v. Smith*, 377 F. Supp. 2d 92, 94 (D.D.C. 2005). A District of Columbia offender, however, faces a unique hurdle. *See Byrd v.*

*Henderson*, 119 F.3d 34, 37 (D.C. Cir. 1997). Because he has been convicted in and sentenced by the D.C. Superior Court, a challenge to his conviction and sentence must be raised by motion under D.C. Code § 23-110 in the D.C. Superior Court. *See, e.g., Ibrahim v. United States*, 661 F.3d 1141, 1142 (D.C. Cir. 2011).

In relevant part, D.C. Code § 23-110 provides:

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C. Code § 23-110(a). Such a motion "shall not be entertained . . . by any Federal . . . court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)."). Hence, this federal district court has jurisdiction only over "those claims that could [not] have been raised [under §] 23-110." *Williams*, 586 F.3d at 999 (quoting *Blair-Bey v. Quick*, 151 F.3d 1036, 1043 (D.C. Cir. 1998)); *see Ibrahim*, 661 F.3d at 1142 (stating that "the availability of relief by motion under § 23-110 typically precludes the challenger from seeking habeas relief in federal court").

"[I]t is well established that claims predicated on prosecutorial misconduct . . . are 'cognizable under § 23-110.'" *Roberson v. United States*, No. 18-cv-1469, 2018 WL 5777394, at *2 (D.D.C. Nov. 2, 2018) (quoting *Saunders v. United States*, 72 F. Supp. 3d 105, 109 (D.D.C.

2014)); *see Richardson v. Stephens*, No. 11-5004, 2011 WL 8363538, at *1 (D.C. Cir. July 25, 2011) (per curiam). So, too, are claims arising from the imposition of an illegal sentence. *See Johnson v. Stansberry*, No. 10-cv-0178, 2010 WL 358521, at *1 (D.D.C. Jan. 29, 2010). If, as Petitioner represents, *see* Pet. at 3, he has raised these issues in the District of Columbia courts, he has no recourse in federal court merely because his efforts were unsuccessful. *See, e.g, Plummer v. Fenty*, 321 F. App'x 7, 8 (D.C. Cir. 2009) (per curiam); *Graham v. FCC Coleman USP II Warden*, No. 14-cv-1567, 2016 WL 2962190, at *3 (D.D.C. May 20, 2016); *Pinkney v. United States*, No. 11-5239, 2012 WL 5995435, at *1 (D.C. Cir. Feb. 10, 2012) (per curiam) (citing *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986)).

The Court therefore denies the petition for a writ of habeas corpus. An Order accompanies this Memorandum Opinion.

Dated: January 29, 2019

Amit P. Mehta
United States District Judge