# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ABRAHAM JOHNSON,

      *Petitioner*,

   v.

USA,

      *Defendant*.

Civil Action No. 25 - 2289 (UNA)

## MEMORANDUM OPINION

In 2024, Abraham Johnson was convicted in the Superior Court of the District of Columbia of possession with intent to distribute a controlled substance, unlawful possession of a firearm, and additional firearm-related offenses, all in violation of the D.C. Code. *United States v. Abraham Johnson*, 2024-CF2-001338 (D.C.). He is currently serving a forty-eight-month sentence at USP Canaan in Waymart, Pennsylvania. ECF No. 1, at 5.[1] In June 2025, Mr. Johnson filed a petition under 28 U.S.C. § 2241 in the U.S. District Court for the Eastern District of Pennsylvania, seeking to vacate his "conviction for possession of ammo/firearm" under the U.S. Constitution and Executive Order 14206. ECF No. 1, at 1. After determining that Mr. Johnson was seeking to challenge the validity of his Superior Court conviction, a judge in the Eastern District of Pennsylvania construed the petition as arising under 28 U.S.C. § 2254 and transferred the case to this court. ECF No. 3. Mr. Johnson has since filed a motion for a status update, ECF No. 6, two

---

[1] When citing ECF No. 1, the court uses the page numbers generated by CM/ECF, rather than any internal pagination.

motions for orders on his habeas petition, ECF Nos. 7, 8, and a petition for a writ of mandamus, ECF No. 9.

Congress enacted D.C. Code § 23-110(g) to "vest the Superior Court with exclusive jurisdiction over most collateral challenges by prisoners sentenced in that court." *Williams v. Martinez*, 586 F.3d 995, 1000 (D.C. Cir. 2009). Section 23-110 "establishe[s] a remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wish[ ] to challenge their conviction or sentence." *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998). As relevant here,

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). The remedy is "not a procedural bar to otherwise available federal habeas claims; it is Congress's deliberate channeling of constitutional collateral attacks on Superior Court sentences to courts within the District's judicial system (subject to Supreme Court review), with federal habeas available only as a safety valve." *Ibrahim v. United States*, 661 F.3d 1141, 1146 (D.C. Cir. 2011).

Put simply, Section 23-110(g) "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)." *Williams*, 586 F.3d at 998. Such viable claims include "the right to be released upon the ground that . . . the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia" or that "the sentence is otherwise subject to collateral attack." D.C. Code § 23-110(a). "A motion for such relief may be made at any time." *Id.* § 23-110(b)(1). Because

Mr. Johnson could bring his claim under Section 23-110(a), the court must dismiss this petition for lack of jurisdiction under Section 23-110(g) and deny his outstanding motions and mandamus petition as moot. A contemporaneous order will issue.

**SO ORDERED.**

_____
LOREN L. ALIKHAN
United States District Judge

Date: February 27, 2026