# United States Court of Appeals
#### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 25-5336**                                    **September Term, 2025**

**1:25-cv-02402-UNA**

**Filed On:** April 29, 2026

Antonio Blanchard,

　　　　Appellant

　　v.

United States Parole Commission, et al.,

　　　　Appellees

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**　　Walker, Childs, and Garcia, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order entered September 3, 2025, be affirmed. The district court correctly held that, insofar as appellant seeks relief from his D.C. Superior Court sentence, he has no recourse in federal court because he failed to show that he previously filed a motion in the D.C. Superior Court under D.C. Code § 23-110 or that such a motion was "inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); see Williams v. Martinez, 586 F.3d 995, 998 (D.C. Cir. 2009) (observing that D.C. Code section 23-110(g) "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)"). Appellant does not contest this conclusion and, accordingly, has forfeited any such challenge. See U.S. ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004) ("Ordinarily, arguments that parties do not make on appeal are deemed to have been waived."). Appellant similarly does not allege error with respect to the district court's conclusion that, insofar as he challenges the U.S. Parole Commission's failure to hold a parole revocation hearing on its warrant, lodged as a detainer, "the Commission has no constitutional duty to provide [appellant] an adversary parole hearing until he is taken into custody as a parole violator by execution of the warrant." Moody v. Daggett, 429 U.S. 78, 89 (1976). Although appellant raises several claims in his brief regarding purported violations of federal law,

Commission regulations, and the Sixth and Eighth Amendments, he has forfeited these claims by not squarely presenting them to the district court in the first instance.  See Keepseagle v. Perdue, 856 F.3d 1039, 1053 (D.C. Cir. 2017) ("It is well settled that issues and legal theories not asserted at the District Court level ordinarily will not be heard on appeal." (citation omitted)).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:  /s/
Daniel J. Reidy
Deputy Clerk